UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY and,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

        Plaintiffs,

v.

DAVID POWERS, SCOTT DECIUS and
CRISTINA SHEPPARD-DECIUS,

        Defendants.

Case No. 1:22-cv-00751
Hon.

Magistrate Judge

**DEMAND FOR JURY TRIAL**

---

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

> *The subject matter of this lawsuit relates, at least in part, to the same transaction or occurrence that is the subject matter of litigation currently pending in the Emmet County Circuit Court, under Case No. 22-10765-CH (Hon. Jennifer Deegan).*

Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company (collectively referred to as "Allstate"), through their attorneys, Patrick, Johnson & Mott, P.C., and for their Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against the Defendants, Scott Decius, Cristina Sheppard-Decius and David Powers, states as follows:

**GENERAL ALLEGATIONS**

1.      Allstate is a foreign insurance corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located in the  City of Northbrook, State of Illinois, and at all times the material hereto, was licensed and authorized to provide property and casualty insurance in the State of Michigan, including, in Emet County.

2.      Allstate is, therefore, a citizen, corporation and resident of the State of Illinois, and is not a resident, citizen or corporation of the State of Michigan.

3.      At all times material hereto, Scott Decius was a citizen of, and was domiciled in the State of Michigan.

4.      At all times material hereto, Cristina Sheppard-Decius was a citizen of, and was domiciled in the State of Michigan.

5.      At all times material hereto, David Powers was a citizen of, and was domiciled in the State of Michigan.

6.      A controversy exists between Allstate and the Defendants in an amount in excess of $75,000.00.

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201.

8.      Venue is proper in this Court as the Defendants are residents of, and the property that is covered under the policies is located in Emet County.

9.      The laws of the State of Michigan govern this matter.

10.     Allstate Vehicle and Property Insurance Company issued a House and Home Policy to Scott Decius and Cristina Sheppard-Decius, numbered 930441865, wherein it agreed to provide a defense and/or indemnification if either of them was legally obligated to pay damages because of

bodily injury or property damage arising from an occurrence to which the policy applies, subject to all the terms, conditions, limitations and exclusions set forth therein. (House and Home Policy, **Exhibit "A"**).

11.    Allstate Indemnity Company issued a Personal Umbrella Policy to Scott Decius and Cristina Sheppard-Decius, numbered 965076684, wherein it agreed to pay for damages that an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a covered loss under the Excess Liability Insurance-Bodily Injury and Property Damage-Section of the policy, and a covered loss under the insured's required underlying insurance policies, or for which for Required Underlying Insurance was not required, or for personal injury arising from a covered occurrence, subject to all the terms, conditions, limitations and exclusions set forth therein. (Umbrella Policy, **Exhibit "B"**).

12.    Allstate Vehicle and Property Insurance Company issued a Condominium Owners Policy of insurance to Scott Decius and Cristina Sheppard-Decius, numbered 960934939, which does not provide any liability coverage, as the Policy is for a second residence. (Condominium Policy, **Exhibit "C"**).

13.    The House and Home Policy provides $300,000.00 in family liability coverage per occurrence, and $1,000.00 in guest medical protection coverage per person. (**Exhibit "A"**).

14.    The Umbrella Policy provides $1,000,000.00 in bodily injury and property damages excess liability per occurrence, and $500,000.00 for personal injury coverage per occurrence. (**Exhibit "B"**).

15.    The subject House and Home policy provides, in relevant part:

Section II-Family Liability and Guest Medical Protection

Family Liability Protection-Coverage X

Losses We Cover Under Coverage X:
Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. . .

\* \* \*

Coverage Y
Premises Medical Protection

Losses We Cover Under Coverage Y:
We will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence resulting in bodily injury covered by this part of the policy. . .

16.    The subject Umbrella Policy provides:

Umbrella policy provides:

Excess Liability Insurance - Bodily Injury and Property Damage Coverage XL

Section 1
Under Section 1 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a loss we cover under Excess Liability Insurance -Bodily Injury and Property Damage - Section 1 of this policy and a covered loss under your Required Underlying Insurance policy.

We will not pay any punitive or exemplary damages, fines and penalties.

\* \* \*

4

Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 1

We will cover an occurrence arising only out of:

1.      Personal activities of an insured person. . .

* * *

Section 2
Under Section 2 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising only out of:

1.      a covered occurrence for which Required Underlying Insurance is not required by this policy; or

2.      a covered occurrence for which you are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the occurrence.

We will not pay punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 2

We will cover an occurrence arising only out of:

Personal activities of an insured person . . .

* * *

Excess Liability Insurance - Personal Injury
Coverage XP

Under Excess Liability Insurance -Personal Injury, we will pay damages which an insured person becomes legally obligated to pay because of personal injury. Personal injury must arise from a covered occurrence.

We will not pay any punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Personal Injury

5

We will cover an occurrence arising only out of:

Personal activities of an insured person. . .

17.     At all times material hereto, Scott Decius and/or Cristina Sheppard-Decius owned a condominium unit located at 1185 Hideaway Valley Drive, Unit 52, Harbor Springs, Michigan.

18.     At all times material hereto, Defendant Powers owned a condominium unit located at 1185 Hideaway Valley Drive, Unit 50, Harbor Springs, Michigan.

19.     Defendant Powers has filed a lawsuit against the Decius' and others, alleging that in violation of the Master Deed, Condominium Bylaws and Association Bylaws, they improperly extended their deck. (Complaint, **Exhibit "D"**).

20.     Mr. Powers alleges that the Master Deed and Article VI, Section 2 of the Condominium Bylaws prohibit alterations of outside decks, unless prior written approval from the Board is obtained, and that any enlarged deck must conform to the existing decks, which means the deck cannot exceed 13 feet, 6 inches from the outside of the building door wall. (**Id**.).

21.     Mr. Powers alleges that the Decius' failed to obtain approval from the Board before they extended their deck to 19-feet from the outside of the building door wall.  (**Id**.).

22.     Mr. Powers also claims that, after he complained, the Board provided retroactive approval of the extended deck, which violated the Bylaws since prior approval was required.  (**Id**.).

23.     Mr. Powers further alleges that the Decius' have also violated the Bylaws by altering the appearance of the exterior of the building, due to their hanging up their kayaks, which destroyed the grass.  (**Id**.).

24.     Mr. Powers is seeking to have the extended deck removed, and replaced with a deck that conform to the Bylaws.  (**Id**.).

25.     Mr. Powers also seeks an order compelling the Decius' to remove the kayaks, make the necessary repairs, restore the grass, and awarding him his attorney fees.  (**Id**.).

26.     The Decius' have requested that Allstate provide them with a defense in the underlying litigation, and indemnify them against any judgment that is entered against them in that case under one of their Allstate policies.

27.     Allstate is currently defending the Decius' in the underlying litigation under reservations of rights. (**Exhibit "E"**).

<u>**COUNT I**</u>
<u>**ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY SCOTT DECIUS OR CRISTINA SHEPPARD-DECIUS UNDER THEIR CONDOMINIUM OWNERS POLICY, BECAUSE THAT POLICY DOES NOT PROVIDE FAMILY LIABILITY PROTECTION OR GUEST MEDICAL PROTECTION COVERAGE**</u>

28.     Allstate incorporates herein by reference hereto each of its allegations contained  in Paragraphs 1 through 27 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

29.     The Declarations Page for the subject Condominium Owners Policy provides:

Coverage detail for the property insured

* * *

Family Liability Protection                **No Coverage under this policy**
(See Important Secondary Residence
Coverage Information Below)

Guest Medical Protection                **No Coverage under this policy**
(See Important Secondary Residence
Coverage Information Below)
* * *
Important Secondary Residence Coverage Information:
This policy insures a secondary residence. Notwithstanding any other provision in
this policy, no coverage is provided under Section II-Family Liability Protection
(Coverage X) and Guest Medical Protection (Coverage Y) under this policy for the

residence premises described on this Declaration Page.

30.    The subject Condominium Owners Policy does not provide the Decius' with any liability protection.

31.    Therefore, there is no duty under the Condominium Owners Policy for Allstate to have to defend or indemnify the Decius' in the lawsuit brought against them by Mr. Powers.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

a.    declares the rights and other relations of the parties to this action;

b.    declares that, under its Condominium Owners Policy of insurance, Allstate is not obligated to defend or indemnify Scott Decius or Cristina Sheppard-Decius in the underlying lawsuit, case number 22-10765-CH;

c.    permits a trial by jury of any fact issues in this case;

d.    awards Allstate its costs and attorney fees; and

e.    awards Allstate any other relief this Court deems appropriate.

## COUNT II
### ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY SCOTT DECIUS OR CRISTINA SHEPPARD-DECIUS UNDER THEIR CONDOMINIUM OWNERS POLICY, THEIR HOUSE AND HOME POLICY OR THEIR UMBRELLA POLICY, AS ALL OF MR. POWER'S CLAIMED INJURIES OR DAMAGES, IF ANY, AROSE FROM AN AGREEMENT, AND RESULTED FROM THE DECIUS' ALLEGED BREACH OF A CONTRACT OR AGREEMENT, WHICH IS EXCLUDED UNDER ALL THREE POLICIES

32.    Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 31 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

8

33.    The subject policies provide the following exclusions:

(Condominium Owners Policy)

Losses We Do Not Cover Under Coverage X:

\* \* \*

15.    We do not cover any liability an insured person assumes arising out of any contract or agreement. This exclusion does not apply to Loss Assessments-Coverage G in Section Ill of this policy.

(House and Home Policy)

Losses We Do Not Cover Under Coverage X:

\* \* \*

15.    We do not cover any liability an insured person assumes arising out of any contract or agreement.

(Umbrella Policy)

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Bodily Injury and Property Damage-Section 2 Excess Liability Insurance-Bodily Injury and Property Damage-Section 2 will not apply:

\* \* \*

18.    To any bodily injury or property damage arising from any contract or agreement, whether written or oral.

\* \* \*

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Personal Injury
This coverage does not apply:

\* \* \*

7.    To personal injury arising from any contract or agreement, whether written or oral.

34.    Mr. Powers has alleged that the Decius' breached the Condo Bylaws by not obtaining prior approval to extend their deck, and by extending their deck beyond the allowable dimensions.

9

35.    Mr. Powers also claims that the Decius' violated the Bylaws by hanging up their kayaks and damaging the grass.

36.    The  Master Deed, Condominium Bylaws and Association Bylaws are part of a contract entered into by the Decius' as part of their residing at the Condominium.

37.    All of Mr. Powers' alleged injuries and damages arose and/or resulted from the contract or agreement.

38.    All of Mr. Powers' alleged injuries and damages arose and/or resulted from the Decius' assuming liability for those injuries under the Bylaws (i.e., to remove non-conforming structures and to otherwise comply with the Bylaws).

39.    Therefore, Allstate does not have a duty under the Decius' Condominium Owners Policy, their House and Home Policy, or their Umbrella Policy, to defend or indemnify them in the lawsuit brought against them by Mr. Powers.

WHEREFORE, Plaintiffs Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

a.    declares the rights and other relations of the parties to this action;

b.    declares that, under the subject Condominium Owners, House and Home and Umbrella Policies of insurance, Allstate is not obligated to defend or indemnify Scott Decius or Cristina Sheppard-Decius in the underlying lawsuit, case number 22-10765-CH, because any claimed injuries or damages arose from a contract or agreement, and/or are for liability the Decius' assumed under a contract or agreement, which are expressly excluded by the policies;

c.    permits a trial by jury of any fact issues in this case;

d.     awards Allstate its costs and attorney fees; and

e.     awards Allstate any other relief this Court deems appropriate.

## COUNT III
## ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY SCOTT DECIUS OR CRISTINA SHEPPARD-DECIUS UNDER THEIR CONDOMINIUM OWNERS POLICY, THEIR HOUSE AND HOME POLICY OR THEIR UMBRELLA POLICY, AS THEIR CONDUCT DOES NOT CONSTITUTE AN OCCURRENCE UNDER THE POLICIES

40.    Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 39 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

41.    The Policies also provide the following definitions:

(Condo Policy)

GENERAL
Definitions Used in This Policy
Throughout this policy, when the following words appear in bold type, they are defined as follows:

* * *

2.     Bodily injury – means physical harm to the body, including sickness or disease, and resulting death. . .

* * *

8.     Occurrence – means an accident, including continuos or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

9.     Property damage – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

11

(House and Home Policy)

GENERAL
Definitions Used in This Policy
Throughout this policy, when the following words appear in bold type, they are defined as follows:

1.      Bodily injury – means physical harm to the body, including sickness or disease, and resulting death. . .

* * *

7.      Occurrence – means an accident, including continuos or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

8.      Property damage – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

(Umbrella Policy)

GENERAL
Definitions Used in This Policy

1.      Bodily injury means:

   a)      physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body. . .

* * *

5.      Occurrence means an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury, personal injury or property damage.

6.      Personal injury means harm resulting from:

   a)      false arrest, false imprisonment, wrongful detention;
   b)      wrongful   entry, invasion of rights of occupancy, wrongful eviction; or

12

c)    libel, slander, humiliation, defamation of character, invasion of rights of privacy.

7.    Property damage means physical harm to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

42.    Mr. Powers has not alleged that he sustained a bodily injury or property damage, as those phrases are defined in the Condominium Owners and the House and Home Policies.

43.    Mr. Powers has not alleged that he sustained a bodily injury, personal injury or property damage, as those phrases are defined in the Umbrella Policy.

44.    The policies all define "occurrence," in relevant part, as "an accident."

45.    The Decius' alleged conduct did not result from an accident, as they intended to extend their deck and hang up their kayaks, despite knowing, or being charged with knowing that such actions violated the Bylaws.

46.    The Decius' intentional actions created a direct risk that some harm would befall Mr. Powers, as that was the purpose of the restrictions contained in the Bylaws.

47.    Further, Mr. Powers has alleged that despite knowing that the extended deck was harming him, the Decius' refused to remove the non-conforming deck to conform to the Bylaws.

48.    Mr. Powers has also alleged that despite knowing that the kayaks were harming him, the Decius' refused to remove the kayaks in compliance with the Bylaws.

49.    The Decius' conduct is not an occurrence under and of the subject policies.

50.    Therefore, Allstate does not have a duty under the Decius' Condominium Owners Policy, their House and Home Policy, or their Umbrella Policy, to defend or indemnify them in the lawsuit brought against them by Mr. Powers.

WHEREFORE, Plaintiffs Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

a.    declares the rights and other relations of the parties to this action;

b.    declares that, under the subject Condominium Owners, House and Home and Umbrella Policies of insurance, Allstate is not obligated to defend or indemnify Scott Decius or Cristina Sheppard-Decius in the underlying lawsuit, case number 22-10765-CH because their claimed conduct does not constitute an occurrence under the polices;

c.    declares that, under the subject Condominium Owners, House and Home and Umbrella Policies of insurance, Allstate is not obligated to defend or indemnify Scott Decius or Cristina Sheppard-Decius in the underlying lawsuit, case number 22-10765-CH because Mr. Powers did not sustain bodily injury or property damage, as those phrases are defined in the Condominium Owners or the House and Home policies, and he did not sustain bodily injury, personal injury or property damage, as those phrases are defined in the Umbrella Policy;

d.    permits a trial by jury of any fact issues in this case;

e.    awards Allstate its costs and attorney fees; and

f.    awards Allstate any other relief this Court deems appropriate.

## COUNT IV
## ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY SCOTT DECIUS OR CRISTINA SHEPPARD-DECIUS UNDER THEIR CONDOMINIUM OWNERS POLICY, THEIR HOUSE AND HOME POLICY OR THEIR UMBRELLA POLICY, AS MR. POWER'S CLAIMED INJURIES AND DAMAGES ARE BARRED BY THE POLICIES' EXPECTED OR INTENDED ACTS EXCLUSIONS

51.    Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 50 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

14

52.    The policies, pursuant to endorsements, provide:

(Condominium Owners Policy)

Losses We Do Not Cover Under Coverage X:

1.    We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

a)    such insured person lacks the mental capacity to govern his or her conduct;

b)    such bodily injury or property damage is of a different kind or degree than that intended or reasonably  expected; or

c)    such  bodily injury or property damage is sustained  by  person  than  intended  or reasonably expected.

except  when  the  person  claiming  the  loss  is  an innocent co-insured.

If  a  criminal  act  occurred  related  to  the  loss,  this exclusion  will  only  be  applied  if  a  court  or  other adjudicatory body convicts an insured of that criminal act.

* * *

Losses We Do Not Cover Under Coverage Y:

1.    We do not cover bodily injury intended by, or which may reasonably be  expected  to  result  from  the  intentional  or  criminal  acts  or omissions of, any insured person. This exclusion applies even if:

a)    such insured person lacks the mental capacity to govern his or her conduct;

b)    such bodily injury is of a different kind or degree  than  that  intended  or  reasonably expected; or

c)    such bodily injury is sustained by person than intended or reasonably expected.

except  when  the  person  claiming  the  loss  is  an innocent co-insured.

15

If a criminal act occurred related to the loss, this exclusion will only be applied if a court or other adjudicatory body convicts an insured of that criminal act.

(House and Home Policy)

Losses We Do Not Cover Under Coverage X:

1.   We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

   a)   such insured person lacks the mental capacity to govern his or her conduct;

   b)   such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

   c)   such  bodily injury or property damage is sustained by person than intended or reasonably expected.

   except when the person claiming the loss is an innocent co-insured.

   If a criminal act occurred related to the loss, this exclusion will only be applied if a court or other adjudicatory body convicts an insured of that criminal act.

* * *

Losses We Do Not Cover Under Coverage Y:

1.   We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

   a)   such insured person lacks the mental capacity to govern his or her conduct;

   b)   such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

   c)   such  bodily injury or property damage is sustained by person than intended or

16

reasonably expected.

(Umbrella Policy)

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Bodily Injury and Property Damage-Section 2 Excess Liability Insurance-Bodily Injury and Property Damage-Section 2 will not apply:

* * *

13.    To bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This includes any  bodily injury or property damage arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an insured person. This exclusion applies even if:
   a)    such insured person lacks the mental capacity to govern his or her conduct;
   b)    such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
   c)    such  bodily  injury  or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of, a crime.

* * *

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Personal Injury
This coverage does not apply:

* * *

12.    To personal injury intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any insured person.

This exclusion applies even if:
   a)    such insured person lacks the mental capacity to govern his or her conduct;
   b)    such personal injury is of a different kind or degree  than  that  intended  or  reasonably

17

expected; or

c)      such  personal injury is sustained by person
        than intended or reasonably expected.

53.     Under the express terms of the Condominium Owners and House and Home Policies,

bodily injuries or property damages resulting from the Decius' expected or intended conduct are

excluded from coverage.

54.     Under the express terms of the Umbrella policy, bodily injuries, personal injuries

and/or property damages resulting from the Decius' expected or intended conduct are excluded from

coverage.

55.     Mr. Powers has alleged that the Decius' intentional actions violated the Bylaws,

causing his injuries/damages.

56.     Mr. Powers has also alleged that, despite knowing that the non-confirming deck and

the kayaks were causing him harm, the Decius' refused to bring themselves into compliance with

the Bylaws.

57.     The Decius' alleged conduct precludes coverage for Mr. Powers' claimed injuries,

as their conduct was intended, and/or the injuries reportedly sustained by Mr. Powers were expected

to result from their intentional actions.

58.     Therefore, Allstate does not have a duty under the Decius' Condominium Owners

Policy, their House and Home Policy, or their Umbrella Policy, to defend or indemnify them in the

lawsuit brought against them by Mr. Powers.

WHEREFORE, Plaintiffs Allstate Indemnity Company and Allstate Vehicle and Property

Insurance Company, respectfully request this Honorable Court enter an Order that:

a.      declares the rights and other relations of the parties to
        this action;

18

b.  declares that, under the subject Condominium Owners, House and Home and Umbrella Policies of insurance, Allstate is not obligated to defend or indemnify Scott Decius or Cristina Sheppard-Decius in the underlying lawsuit, case number 22-10765-CH, because any claimed injuries or damages arose from an agreement, and/or was for liability assumed under an agreement, which are expressly excluded by the policies;

c.  permits a trial by jury of any fact issues in this case;

d.  awards Allstate its costs and attorney fees; and

e.  awards Allstate any other relief this Court deems appropriate.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
P64122

Date: August 18, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY and,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

                Plaintiffs,

v.

DAVID POWERS, SCOTT DECIUS and
CRISTINA SHEPPARD-DECIUS

                Defendants.

Case No. 1:22-cv-00751
Hon.

Magistrate Judge

---

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## JURY DEMAND

Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, through their attorneys, Patrick, Johnson & Mott, P.C., hereby demand a trial by jury in the above-captioned matter.

                Respectfully submitted,

                **PATRICK, JOHNSON & MOTT, P.C.**

                *s/ Cary R. Berlin*
                Attorneys for Plaintiffs
                70 Macomb Place, Suite 224
                Mt. Clemens, Michigan 48043
                (248) 356-8590
                cberlin@pjmpc.com
Date: August 18, 2022             P64122